***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good grounds to reconsider the evidence and modify and affirm the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between Plaintiff and Defendant-Employer.
3. The date of injury is April 3, 1997.
4. Plaintiff's average weekly wage was $360.00 per week, yielding a compensation rate of $240.01 per week per a Form 63 previously filed with the Industrial Commission.
5. The injury to the employee arose out of and in the course of his employment with Defendant.
6. By paying the employee through use of a Form 63, and then continuing to pay benefits after the 90-day period provided by North Carolina General Statute § 97-18(d), Defendants have admitted the compensability of and liability for his claim.
7. Attorneys for Employee and Employer have stipulated that the stipulated medical records filed in this case are genuine, authentic, and relevant.
8. The deposition of Thomas A. Dimmig, M.D. is a part of the evidentiary record in this case.
 *********** EVIDENTIARY RULING
In the discretion of the Full Commission, Plaintiff's motion for submission of additional evidence is hereby denied.
 ***********
The Full Commission adopts in part and modifies in part the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff, 27 years of age on the date of the injury, was working with Defendant-Employer as a masonry laborer. The job duties of a masonry laborer with Defendant-Employer required heavy lifting, climbing, and other such duties. Plaintiff had been employed since October 10, 1995 in this occupation.
2. On April 3, 1997, Plaintiff fell down an elevator shaft while on the job, striking his neck on a girder, suffering a cut to the front of his neck, sustaining a fracture of his second cervical vertebrae, and experiencing some tooth damage.
3. As a result of his admittedly compensable injury by accident, Plaintiff underwent extensive medical treatment. In December of 1997, Plaintiff came under the care of Dr. Thomas A. Dimmig. Dr. Dimmig followed Plaintiff from December 15, 1997 until October 12, 1998.
4. On December 15, 1997, Carlos Simpson, the case manager assigned by the insurance carrier, presented Dr. Dimmig with a job description for approval. The job description was for a "Carpenter Assistant" position and included the physical demands of walking, holding objects in place, lifting ten to fifteen pounds, picking up objects off the ground including wood, bricks, metal and wires and putting them in a dumpster, and sweeping work sites. Dr. Dimmig approved the Carpenter Assistant job as described. On February 10, 1998 and March 23, 1998, Dr. Dimmig assigned Plaintiff work restrictions of no sustained lifting greater than fifty pounds.
5. Plaintiff attempted to return to work on several days with Defendant-Employer. However, the job Defendant-Employer actually placed him in upon returning to work was as a Masonry Assistant, not as a Carpenter Assistant as approved by Dr. Dimmig. Consequently, Plaintiff was only able to remain at work a few hours each day due to neck pain and dizziness. Plaintiff's supervisor during his return to work attempts, Frank Austin, testified he was never provided with a copy of Plaintiff's restrictions or the job description approved by Dr. Dimmig. Mr. Austin was the brick masons supervisor, and he testified Plaintiff was assigned Masonry Assistant-type work upon his return to work. There was no evidence presented by Defendants that the job to which Plaintiff was actually returned was anything other than as a Masonry Assistant with heavy physical demands.
6. On April 13 1998, Plaintiff returned to Dr. Dimmig and reported the job he had been returned to was actually as a Masonry Assistant, not as a Carpenter Assistant as approved by Dr. Dimmig. Dr. Dimmig wrote a letter dated May 11, 1998, that was presented to the insurance carrier indicating he had not approved this level of work and that such work was outside of Plaintiff's restrictions. Defendant-Employer neither offered Plaintiff a new job nor altered the work assigned to Plaintiff.
7. Defendant-Employer did not offer Plaintiff any other work which actually was within his restrictions. Defendants did not send any other job descriptions to Dr. Dimmig for approval. On April 13, 1998, Defendants filed a Form 24 Application to Terminate or Suspend Payment of Compensation seeking to terminate Plaintiff's benefits on the grounds that he had refused work as a Carpenter Assistant that had been approved by Dr. Dimmig. The Form 24 application was approved on June 18, 1998, and Plaintiff's benefits were suspended effective March 30, 1998.
8. Pursuant to Deputy Commissioner Holmes' Amended Opinion and Order filed on March 12, 2001, Defendants made a lump sum compensation payment to Plaintiff for benefits beginning March 30, 1998 and continuing until October 12, 1998 and Plaintiff's 10% permanent partial disability rating for his back in the amount of $7,200.30.
9. The greater weight of the competent evidence establishes the job procured for Plaintiff and to which Plaintiff actually returned with Defendant-Employer was heavy-level work as a Masonry Assistant. Dr. Dimmig opined that the Plaintiff could work within the confines of "medium type work," as outlined in the FCE. This job was improper for Plaintiff as it was outside of the work restrictions assigned by Dr. Dimmig. Because the work actually assigned was outside his work restrictions and because he was unable to perform the work offered, Plaintiff did not return to work with Defendant-Employer.
10. Plaintiff has proven by the greater weight of the evidence of record that he is incapable of earning the same or greater wages as he was prior to his injury in any employment taking into consideration his physical limitations, limited education and language skills, and work history consisting of heavy manual labor. Furthermore, the job offered by Defendant-Employer was outside of Plaintiff's physical ability and is therefore not indicative of Plaintiff's wage earning capacity.
11. The Form 24 Application to stop payment of benefits to Plaintiff was improvidently approved.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff experienced a compensable injury by accident on April 3, 1997. N.C.G.S. § 97-2(6).
2. The job offered to Plaintiff by the Defendant-Employer did not constitute suitable employment. Plaintiff justifiably refused the job offer. Defendants have failed to provide evidence to rebut the presumption of ongoing total disability. The Form 24 was improvidently approved and Plaintiff is entitled to reinstatement of ongoing total disability benefits effective March 30, 1998 and continuing until further Order of the Commission. The Defendants are to receive a credit for all amounts earned in Plaintiff's failed attempt to return to work and compensation paid to plaintiff beginning March 30, 1998 and continuing until October 12, 1998. N.C.G.S. § 97-32, N.C.G.S. § 97-42.
3. Plaintiff is entitled to have Defendants pay for medical treatment incurred or to be incurred as a result of his compensable injury by accident of April 3, 1997. N.C.G.S. § 97-25.
4. Defendants' filing of a Form 63 and subsequent defense of this hearing was not based in stubborn and unfounded litigiousness and therefore they are not liable for sanctions and attorney fees. N.C.G.S. § 97-88.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall reinstate Plaintiff's total disability compensation effective March 30, 1998 and pay said compensation at the rate of $240.01 per week and continuing until further Order of the Commission. Defendants shall pay to Plaintiff the amount that has accrued in a lump sum subject to a credit for all amounts earned in Plaintiff's failed attempt to return to work, compensation paid to plaintiff between March 30, 1998 and October 12, 1998, and the attorney fee approved below.
2. Defendants shall pay for all medical treatment incurred or to be incurred as a result of Plaintiff's compensable accident for so long as such treatment effects a cure, gives relief or tends to lessen Plaintiff's period of disability.
3. An attorney fee of 25% of the compensation awarded Plaintiff in paragraph one of this Award is approved for Plaintiff's attorney. Defendants are to deduct this amount from the lump sump owed to Plaintiff and send it directly to Plaintiff's counsel; thereafter, Plaintiff's counsel shall receive every fourth check.
4. Defendants shall pay the costs due this Commission for the initial hearing before the Deputy Commissioner and each side shall bear its own costs for hearing before the Full Commission.
This the ___ day of April 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER